## Castellucci v. Lehigh Valley Railroad Company, Appellant.

*Carriers—Common carriers—Delivery of goods—Condition of goods—Evidence.*

1. When a shipper proves that goods had been delivered to the carrier in good condition and arrived at their destination in a damaged condition, such change in condition is evidence from which a jury may be permitted to infer that the injury arose from the negligence of the carrier, unless that change in condition is one which results from the operation of a natural law inherent in the property or is of a character not reasonably giving rise to a presumption of negligence on the part of the carrier. The owner in order to obtain the benefit of this presumption must, however, prove that the goods were in good condition when delivered to the carrier; for there is no presumption in the absence of evidence, that they were in such condition.

2. In an action to recover damages for injuries to a marble monument, it appeared that the monument weighed 3,200 pounds and was inclosed in a heavy wooden case. It was imported, and was stored for two weeks in a warehouse. It was then hauled on a truck two or three miles over the streets of a city, and delivered to the carrier. The evidence showed that the injury was caused by permitting the monument to rest upon the face and not upon the back. The shipping receipt contained the following words: "The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown)." Plaintiff stated that on one side of the case were words indicating the manner in which the case should be carried. These words were not in the English language. The truckman who acted as the agent of the plaintiff testified that the case was removed from the truck with-

out turning it over, and that the side upon which it had rested while on the truck remained down when it was placed in the car. *Held,* (1) that the evidence was not sufficient to show that the monument was in good condition when delivered to the carrier, and (2) that no presumption arose from the terms of the shipping receipt that the property had been delivered by the plaintiff to the carrier in good condition.

Argued Dec. 10, 1908. Appeal, No. 115, Oct. T., 1908, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1907, No. 27; on verdict for plaintiff in case of Antonio Castellucci v. Lehigh Valley Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for injuries to a monument. Before STEWART, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court charged as follows:

[Now, when it was unloaded from the American Express Company's dray on to the platform, and placed on the car of the Lehigh Valley Railroad, they gave this receipt, exhibit "No. 1," which has been referred to, and which reads as follows, so far as the present case is concerned: "Received," giving the date, "from the American Express Company the property described below in apparent good order except as noted." "(Contents and condition of contents of packages unknown.)"

Now, the testimony of Mr. Castellucci and his wife, in connection with the words that I have just quoted from this exhibit, raises a presumption that that package, and the contents of that package, was in good condition when it was received by the Lehigh Valley Railroad Company on August 4, if that is the date. I say it raises a presumption, and the presumption that it was in good condition will remain in the case until the defendant by his testimony has introduced countervailing proof which is sufficient to overcome that presumption; and whether it is overcome or not is a question for you, gentlemen of the jury, to decide.] [1]

[That is to say, if you find that they were given to the carrier

in a good condition, and that they were broken when they got to South Bethlehem in the way that the witnesses say, then there is this presumption of negligence, and that presumption of negligence remains in the case until there is countervailing proof on the part of the defendant sufficient to overcome it, and the question as to whether it is overcome is a question of fact for you, gentlemen of the jury.] [2]

Plaintiff presented these points:

2. If the case containing the marble cross was inspected on the wharf of the steamship company and found to be intact and properly packed, and was given by the plaintiff to a drayman or other person for delivery to the Lehigh Valley Railroad Company, defendant, which company accepted the said case containing the marble cross, a presumption is created that the cross was intact and not broken when thus received by the defendant. *Answer:* If you find those facts to be as therein stated that is a correct legal proposition, and it is affirmed. [3]

3. The accepting of said case containing marble cross by the Lehigh Valley Railroad Company, and the giving by them of a shipping receipt or bill of lading, stating that the goods were in apparent good order, creates a presumption that the cross was in good condition and not broken when thus received. *Answer:* That is affirmed. [4]

4. Under the evidence in this case the burden is on the defendant company to show that the damaged condition of the statue was not due to the negligence and carelessness of the defendant or its employees. *Answer:* That point is affirmed. [5]

Verdict and judgment for plaintiff for $1,353.41. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*James W. Fox,* with him *Edward J. Fox,* for appellant.— The plaintiff is first bound to show affirmatively the receipt of the goods in good order by the carrier. There is no presumption that the goods were in good order when received by the carrier: Mears v. R. R. Co., 56 L. R. A. 884; The Henry B. Hyde, 90 Fed. Repr, 114; The Lennox, 90 Fed. Repr. 308;

Goldey v. R. R. Co., 30 Pa. 242; Navigation Co. v. Merchants' Bank, 47 U. S. 344; Farnham v. R. R. Co., 55 Pa. 53; Steamship Co. v. Smart, 107 Pa. 492; Trexler v. Baltimore & Ohio R. R. Co., 28 Pa. Superior Ct. 198; Needy v. Western Maryland R. R. Co., 22 Pa. Superior Ct. 489.

There could be no clearer case of a presumption upon a presumption, or an inference from an inference, than the court below permitted in this case: Eshleman v. Union Stock Yards Co., 222 Pa. 20; Philadelphia City Pass. Ry. Co. v. Henrice, 92 Pa. 431; Dettra v. Kestner, 147 Pa. 566; Welsh v. R. R. Co., 181 Pa. 461; Bube v. Weatherly Boro., 25 Pa. Superior Ct. 88.

*R. S. Taylor*, for appellee.—The bill of lading itself was prima facie evidence of the actual good condition of the statuary: Rhymer v. D., L. & W. R. R. Co., 27 Pa. Superior Ct. 345; Richards v. Doe, 100 Mass. 524; Ellis v. Willard, 9 N. Y. 529; Barrett v. Rogers, 7 Mass. 297.

OPINION BY PORTER, J., July 14, 1909:

The plaintiff brought this action against the defendant carrier to recover the value of a monument, in the form of a marble cross, which was alleged to have been damaged by the carrier in transporting the same from Jersey City to South Bethlehem, and having recovered a judgment in the court below, we have this appeal by the defendant.

The shipment was made under the covenants of a bill of lading which exempted the carrier from any liability for loss occasioned by "breakage, chafing," etc., and it is admitted that the loss occurred from the excepted causes, and that the burden was upon the plaintiff to produce evidence which would justify an inference that the agents of the defendant company had been guilty of negligence which caused the injury. The monument had come from Italy, and the plaintiff undertook to discharge the burden which was upon him by showing that he had examined the monument at the dock in Jersey City on July 17, 1906, and that it was then in good condition, that he had then directed his agents to cause it to be shipped to him at South

Bethlehem, that it had been removed from the dock and remained for a time in a warehouse and had then been removed from the warehouse and, on August 2, 1906, delivered by his agent to the Lehigh Valley Railroad Company at their station in Jersey City, which company issued the shipping receipt or bill of lading under the terms of which the plaintiff was required to establish his right to recover. The plaintiff relied upon the testimony as to the condition of the monument at the dock on July 17 and the shipping receipt issued by the defendant company on August 2, 1906, as the only evidence to establish that the monument was in good condition at the date last named, when it was delivered to the carrier. Having produced this evidence the plaintiff then proved that the monument was in a damaged condition when the delivery of it was tendered to him by the carrier at the point of destination, South Bethlehem. There can be no question that the rule is that when a shipper proves that goods had been delivered to the carrier in good condition and arrived at their destination in a damaged condition, such change in condition is evidence from which a jury may be permitted to infer that the injury arose from the negligence of the carrier, unless that change in condition is one which results from the operation of a natural law inherent in the property or is of a character not reasonably giving rise to a presumption of negligence on the part of the carrier. The plaintiff in order to obtain the benefit of this presumption must, however, prove that the goods were in good condition when delivered to the carrier; for there is no presumption, in the absence of evidence, that they were in such condition.

The learned judge of the court below instructed the jury, in affirming plaintiff's second point, "If the case containing the marble cross was inspected on the wharf of the steamship company and found to be intact and properly packed, and was given by the plaintiff to a drayman or other person for delivery to the Lehigh Valley Railroad Company, which company accepted the said case containing the marble cross, a presumption is created that the cross was intact and not broken when thus received by the defendant;" and this is the subject of the third specification of error. And in that part of the general charge which is the

subject of the first specification of error instructed the jury that the testimony of the plaintiff and his wife as to the condition of the monument at the dock on July 17, taken in connection with the words quoted from the shipping receipt, to wit: "Received . . . . the property described below in apparent good order except as noted (contents and condition of contents of packages unknown);" gave rise to a presumption that the contents of the package were in good condition when it was received by the defendant company, on August 2, and that that presumption remained in the case until the defendant "introduced countervailing proof sufficient to overcome the presumption." We are of opinion that the testimony of the plaintiff and his wife as to the condition existing before the monument had been taken to the warehouse and there remained two weeks and was then hauled on a truck two or three miles over the streets of the city was certainly not sufficient to show, or give rise to a presumption, that the monument was in good condition when it arrived at the station of the defendant company, in Jersey City. The testimony of the plaintiff and all the evidence in the case clearly indicates that the injury to the monument was occasioned by permitting it to rest upon the face, and not upon the back, and there is no presumption that the "drayman or other person" to whom it was by the plaintiff given handled the monument in a proper manner. The acts of the drayman were the acts of this plaintiff; he was not the agent of the defendant company. The third specification of error must be sustained.

Whether there was error in that part of the charge embraced by the first specification of error is dependent entirely upon the effect which ought to be given the shipping receipt, as evidence of the condition of the property at the time it passed into the hands of the carrier. The instrument acknowledged the receipt of "the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown);" and a description of the property is "One (1) case Cross." The uncontradicted evidence in the case was that the cross, or monument, weighed 3,200 pounds and was inclosed in a heavy wooden case; the cross was of marble and upon one of

the flat sides were two medallions upon which were chiseled in high relief artistic reproductions of the features of the plaintiff and his wife, respectively, the other side of the cross was plain and upon that side it ought to have been carried; to turn it upon its face and thus transport it would necessarily destroy the fine sculpture upon that side.' When a bill of lading acknowledges to have received the goods in apparent good condition, it is prima facie evidence that, as to all circumstances which are open to inspection and visible, the goods were in good condition; when the instrument is silent as to the contents of packages the presumption that such contents are in good condition arises. The bill in question in the present case, however, expressly declares that the contents of the package and the condition of those contents is unknown, and this is certainly not an acknowledgment that the monument which was inclosed in a heavy wooden case was then in good condition. The facts of which a bill of lading is evidence must necessarily to some extent be dependent upon the subject-matter with which it deals. A bill of lading for a case' of eggs, containing the disaffirmance of knowledge of contents found in this bill, would certainly not give rise to a presumption that the eggs were fresh or that they were properly packed; nor would a shipping receipt for a case of chronometers, containing the same clause, be evidence that the instruments were properly adjusted and regulated. The language of the court below must be considered with reference to the practically undisputed facts in this case. A heavy shipment, difficult to handle, was delivered to the carrier and it arrived at its place of destination in a damaged condition. The evidence of the plaintiff clearly established that the injury was caused by the monument having rested upon its face instead of its back; the front of the monument, inclosed in a heavy wooden case, was turned toward the floor of the car. The whole weight of the heavy cross rested upon the face sculptured in high relief upon one of the medallions, and the fine lines of the nose were destroyed, the arch of the eyebrow was impaired and the curl was taken out of the hair above the forehead. The evidence of the plaintiff clearly established that upon one side of the case only was there any indication as to which side of that case ought to

have been kept upward, and when that side, owing to any circumstance, was turned down no person could tell which side of the case ought to carry the weight. Even upon the side upon which the plaintiff said there was an indication as to the manner in which the case should be carried, he stated that the words were not in the English language. A case weighing 3,200 pounds cannot be picked up and turned over like a postal card, to find out whether a shipper has delivered it wrong-side up. The shipping receipt in this case afforded no evidence that the agents of this plaintiff had delivered this case to the carrier right-side up or that it was delivered to the carrier in such a manner that its agents could tell how the property ought to be transported. The uncontradicted evidence of the truckman who acted for the agent of the plaintiff, as well as that of the employees of the carrier, was to the effect that the case was removed from the truck without turning it over, the side upon which it had rested while on the truck remained down when it was placed in the car. If the jury believed that evidence the case was not delivered in good condition, for if it remained in the same position in which it was by the agent of the plaintiff delivered, the injury to the monument was certain to ensue. This was a matter with which the shipping receipt did not deal, and as to it no presumption arose from the terms of the receipt that the property was by the plaintiff delivered in good condition. The first, fourth and fifth specifications of error are sustained.

The judgment is reversed and a venire facias de novo awarded.